UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LEE P. UNITT, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | C.A. No. 13-11926-JLT |
| CHRISTINE HELSEL, et al. , | * | |
| | * | |
| Defendants. | * | |
| | * | |

<u>MEMORANDUM AND ORDER</u>

September 24, 2013

TAURO, J.

For the reasons stated below, the Court directs the plaintiff to show cause why this action should not be dismissed

**Background**

Lee P. Unitt, who represents that she is a sentenced prisoner pursuing an appeal, brings this self-prepared civil rights action in which she claims that bar counsel for the Board of Bar Overseers ("BBO"), investigators for the BBO, prosecutors, and investigators for prosecutors violated her civil rights in conjunction with an investigation by the BBO and the Middlesex District Attorney's Office, grand jury proceedings in state court, and prosecution of the plaintiff in state court.  She brings this action against the following individuals, in their individual and official capacities:  Christine Helsel, Assistant Bar Counsel of the BBO; Tracy Hutton, Investigator at the BBO; Albert Nolan, Senior Financial Investigator at the BBO; Constance Vecchione, Bar Counsel at the BBO; Douglas Canon, Middlesex Assistant District Attorney; Patrick Byrne, Investigator for the Middlesex District Attorney's Office; Gerald Leone, Middlesex District Attorney (at the time of the relevant events).  Unitt also brings this action against the Middlesex District Attorney's Office.  She claims that all of the plaintiffs are liable under 18 U.S.C. § 242 and 42 U.S.C. §§ 1985(2) and 1985(3).  She also claims that Leone and Vecchione are liable under 42 U.S.C. § 1983.

**Discussion**

Under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are subject to a preliminary screening.  This statute authorizes a federal court to dismiss a complaint <u>sua sponte</u> if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b).  In conducting this review, the Court liberally construes the complaint because the plaintiff is proceeding pro se.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972).

Here, Unitt's complaint is subject to dismissal because she has failed to state a claim upon which relief may be granted.

**I.      Improper Challenge to Criminal Conviction**

This action appears to suffer a fatal flaw: it is an impermissible challenge to an intact criminal conviction.[1]  "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994).  This so-called "favorable termination" rule applies not only where the plaintiff expressly states that his conviction or sentence is invalid, but wherever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  <u>Id.</u> at 487.  Unitt's claims are barred by this doctrine, as any judgment in favor of her would imply the invalidity of her conviction.

---

[1]Although Unitt does not explicitly allege a connection between the criminal prosecution for which the defendants are allegedly responsible the conviction that resulted in the sentence she is currently serving, she infers as much.

## II.      Other Barriers to Lawsuit

### A.      Rule 8 of the Federal Rules of Civil Procedure

The complaint also fails to state a claim for relief because it does not comply with Rule 8(a) of the Federal Rules of Civil Procedure.  To state a claim for relief, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir. 2004)).  This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why."  Id. (quoting Educadores, 367 F.3d at 68).  The plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A court is not "bound to accept as true a legal conclusion couched as a factual allegation," and "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id. (quoting in part Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of a cause action, supported by mere conclusory statements, do not suffice.").

While the complaint contains some specific factual allegations, it also contains many conclusory allegations that are unsupported by factual allegations.  For example, the plaintiff alleges, "From Oct. 2008 until Oct. 2010, Helsel, Bryne and Canon, conspired with [other persons] to deprive Lee of her constitutional rights."  Compl. ¶ 19.  The plaintiff does not identify the alleged conspiratorial actions or the constitutional rights allegedly violated by the defendants.  Similarly, Unitt alleges that from "Dec. 2008 to Oct. 2010, Canon, Bryne, Helsel, Hutton, Nolan Leone and Vecchione, aided and abetted the alleged victim [of Unitt's conduct], Brown and her private counsel, McLaughlin, to commit mortgage fraud," id. ¶ 19, but she offers no factual allegations to support her conclusion that the defendants aided and abetted mortgage fraud.  These

3

are but two examples of the many paragraphs in the complaint that fall far short of the pleading standard of Rule 8(a).

**B.      Eleventh Amendment Immunity**

The Eleventh Amendment of the United States Constitution[2] generally is recognized as a bar to suits in federal courts against a State, its departments and its agencies, unless the State has consented to suit or Congress has overridden the State's immunity.  See Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997); Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985); Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hudson Sav. Bank v. Austin, 479 F.3d 102, 105-06 (1st Cir. 2007).  Eleventh Amendment immunity also applies to claims against state officials acting in their official capacity.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) ( "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.").  Here, Unitt has sued the individual defendants in their official capacities as employees of the BBO or of Middlesex District Attorney's Office and the Middlesex District Attorney's Office itself.  The Court cannot discern any claim against the individual defendants in their official capacity or the Middlesex District Attorney's Office for which the Commonwealth of Massachusetts has waived its immunity or Congress has overridden it.  See Johnson v. Board of Bar Overseers of Mass., 324 F. Supp. 276, 286 (D. Mass. 2004) (Board of Bar Overseers arm of the state and entitled to Eleventh Amendment immunity); Miller v. City of Boston, 297 F. Supp. 2d 361, 368-69 (D. Mass. 2003) (office of the district attorney entitled to Eleventh Amendment immunity).

---

[2]The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. Amend. XI.

### C.      18 U.S.C. § 242

In Count I of the complaint, Unitt purports to bring a claim under 18 U.S.C. § 242.  This statute however, provides for criminal prosecution by the United States--not by a private citizen. See Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) ("Only the United States as a prosecutor can bring a complaint under 18 U.S.C. §§ 241-242.").  Therefore, Unitt's claim under 18 U.S.C. § 242 fails.

### D.      42 U.S.C. § 1985(2), (3)

In Count II of the Complaint, Unitt purports to bring a claim against all the defendants under 42 U.S.C. § 1985(2) ("§ 1985(2)") and 42 U.S.C. § 1985(3) ("§ 1985(3)").  The first part of § 1985(2) imposes liability on persons who conspire to deter, intimidate, or otherwise interfere with parties, witnesses, and jurors in any "court of the United States."  42 U.S.C. § 1985(2) (emphasis added).  The statute's reference to a court of the United States limits its application to interferences with proceedings in federal court.  Knowlton v. Shaw, 704 F.3d 1, 11 n.15 (1st Cir. 2013) ("The first clause of § 1985(2) covers conspiracies to interfere with justice in the federal courts."); see also Kush v. Rutledge, 460 U.S. 719, 721 n.1 & 725 (1983).  Because the plaintiff has alleged interference with proceedings in state court rather than federal court, she fails to state a claim for relief under the first clause of § 1985(2).

The second part of § 1985(2) imposes liability on those who conspire

for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

42 U.S.C. § 1985(2) (emphases added).  Similarly the first part of § 1985(3) imposes liability upon those who conspire to deprive others "of the equal protection of the laws, or of equal privileges and immunities under the laws" or who conspire to prevent or hinder state authorities "from giving or securing to all persons within such State . . . the equal protection of the laws."  42 U.S.C.

§ 1985(3) (emphases added)."[3]  Because these portions of § 1985(2) and § 1985(3) concern

conspiracies to deny persons of <u>equal protection of the laws</u>, viable claims under these provisions

must include allegations that  "some racial, or perhaps otherwise class-based, invidiously

discriminatory animus [lay] behind the conspirators' action." <u>Bray v. Alexandria Women's Health</u>

<u>Clinic</u>, 506 U.S. 263, 268 (1993) (alteration in original) (quoting <u>Griffen v. Breckenridge</u>, 403

U.S. 88, 102 (1971)) (discussing § 1985(3)); <u>see also</u> <u>Knowlton</u>, 704 F.3d at 12 (same, as applied

to second clause of § 1985(2)).   Here, Unitt does not allege, and the Court cannot reasonable infer,

that the defendants acted with any class-based discriminatory animus.  In the absence of such

allegation, the plaintiff has failed to state a claim for relief under the second clause of § 1985(2)

and the first clause of § 1985(3).

**Conclusion**

Accordingly, if the plaintiff would like to proceed with this action, she must, within forty-

two (42) days of the date of this memorandum and order, show good cause in writing why this

action should not be dismissed for the reasons state above.  The show cause order may be in the

form of a legal memorandum and/or an amended complaint.  Failure to comply with this directive

will result in dismissal of the action.


IT IS SO ORDERED.

  9/24/2013                                    /s/ Joseph L. Tauro                            
DATE                                      UNITED STATES DISTRICT JUDGE

---

[3]The second part of § 1985(3) imposes liability on those who conspire to prevent a citizen who is entitled to vote from giving support or advocacy "toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States."  42 U.S.C. § 1985(3).  This portion of § 1985(3) is factually inapplicable to the complaint.